**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**JUAN CARLOS ALVAREZ,**

    **Defendant.**

Case No. 14-20096-JAR-9

**ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE**

This matter comes before the Court on Defendant Juan Carlos Alvarez's *pro se* letter (Doc. 673) requesting compassionate release. For the reasons explained below, the Court dismisses Alvarez's motion for lack of jurisdiction.

**I.   Background**

On March 29, 2016, Alvarez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 pursuant to a Fed. R. Crim. P. 11(c)(1)(C) agreement.[1] On June 15, 2016, this Court sentenced Alvarez to a 96-month term of imprisonment, a 48-month term of supervised release, and a $100 special assessment.[2] Alvarez is currently incarcerated at Marion United States Penitentiary ("USP") in Illinois. The Bureau of Prisons ("BOP") reports 138 inmates at that facility have tested positive for COVID-19, 555 inmates

---

[1] Doc. 234.
[2] Doc. 331.

1

have been tested, and one test remains pending.³  Alvarez is thirty-two years old, and his projected release date from the BOP is December 5, 2021.

On July 24, 2020, Alvarez filed a motion requesting compassionate release because of the risk posed by COVID-19.  He also references an injury to his nose he sustained after being assaulted by other inmates.  Alvarez states he has difficulty breathing, and that he has had delays in receiving treatment at Marion USP because of COVID-19.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case.  Accordingly, Alvarez's motion proceeds *pro se*.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"⁴  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to

---

³Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed Aug. 28, 2020).

⁴*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[5]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[6]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[7]

### III. Discussion

In this case, Alvarez does not make any allegations regarding attempts to seek or exhaust administrative remedies.  He does not indicate that he requested the BOP to bring a motion on his behalf, nor that he requested compassionate release from the Warden at Marion USP and 30 days have passed since making the request.  Thus, neither condition of § 3582(c) is met.

Given the Court's conclusion that Alvarez has not exhausted his administrative remedies and that it consequently does not have jurisdiction over his motion, it does not decide whether he has established "extraordinary and compelling reasons" for his release.  Though the Court is sympathetic to Alvarez's health issues, difficulties receiving medical treatment, and the exigent circumstances surrounding the pandemic, it "may not take action where it lacks statutory

---

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ----, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

authorization to do so."[8]  Accordingly, the Court lacks jurisdiction over Alvarez's request and his motion (Doc. 673) is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Dated: August 31, 2020

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *United States v. Perry*, No. 18-CR-00480-PAB, 2020 WL 1676773, at *2  (D. Colo. Apr. 3, 2020).